**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THE LAW OFFICES OF DAVID FREYDIN, P.C. and DAVID FREYDIN, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. _____ |
| VICTORIA CHAMARA, TETIANA KRAVCHUK, ANASTASIA SHMOTOLOKHA, NADIA ROMENETS, and JOHN DOES 1-10, | ) ) ) ) ) | ***Ad Damnum***: In excess of $75,000.00 |
| Defendants. | ) ) | |

## PLAINTIFFS' COMPLAINT

NOW COME the Plaintiffs THE LAW OFFICES OF DAVID FREYDIN, P.C., and DAVID FREYDIN ("Plaintiffs" or "FREYDIN"), and complaining of all Defendants, allege as follows:

### NATURE OF THE CASE

1.     This is a diversity jurisdiction matter involving common law claims under Illinois law.  Plaintiffs file this case seeking monetary damages, injunctive relief and other damages arising from the egregious Internet-based conduct of a number of individuals, whom Plaintiffs know only by the salacious, false and libelous (and sometimes anonymous) comments they have made, and continue to make, about Plaintiffs on the Internet.  Sometimes shielded by unconventional pseudonyms, the named Defendants and the Doe Defendants belong to a community of Internet "commentators," and "reviewers," sometimes fearful of being identified, and have falsely

accused Plaintiffs of among other things, of being "unethical," "biased," "unprofessional," and David Freydin as being a "national chauvinist." The Defendants together created a smear campaign against the law firm claiming that it is "unprofessional" and that it "discriminates [against] other nationalities," and warns consumers of the internet, "Don't waste your money!!" To this end, the Named Defendants and Doe Defendants took to Facebook, Yelp, Google Reviews and other Internet-Based Review sites to review Plaintiffs with one-star ratings (out of five), despite never having had any business related contact with Plaintiffs, whatsoever.

2.     The Defendants' defamatory statements are made under the most cowardly of circumstances; plastered over centralized Internet communities and available to anyone in the world with an Internet connection. The Defendants have libeled Plaintiffs under the disguise of unsatisfied clients of the Law Offices of David Freydin, P.C., when, in fact, on information and belief, ***NONE*** of the Defendants have had any professional contacts with the Plaintiffs whatsoever. But sheltered in the confines of their homes and at their personal computers, emboldened by association with others apparently sharing the same feelings, Defendants have continued unabated in their conduct, falsely accusing Plaintiffs of many things with the stated intention of harming Plaintiffs' business, harming its relationships with clients, and harming the public reputation of anyone performing work on behalf of Plaintiffs.

3.     Defendants have published numerous reviews and comments containing such false statements to many third parties, theoretically extending to every person on Earth through the Internet. Their false statements constitute libel *per se*, and are actionable without proof of special damages. Their conduct also makes them liable to

2

Plaintiff on several theories of tort liability, including false light and intentional interference with actual and prospective business relationships, as well as conspiracy to commit these torts.

4.     Plaintiffs bring this action to force Defendants out of their hiding places, to expose the "writers" to the light of day, to enjoin their continued tortious conduct and against Plaintiffs and Plaintiffs' agents, and to recover the substantial damages they have caused Plaintiffs.

**THE PARTIES**

5.     The Law Offices of David Freydin, P.C., is an Illinois Professional Corporation, with its principal place of business in Skokie, Cook County, Illinois

6.     David Freydin is the sole-shareholder of the Law Offices of David Freydin, P.C.

7.     Defendant Victoria Chamara (a/k/a Victoria Ykrainka), on information and belief, is a resident of San Francisco, California, and has participated in a coordinated campaign against Plaintiffs to smear Plaintiffs' reputation and deter people from engaging the law practice, stating that Freydin "is an embarrassment and a disgrace to the U.S. Judicial System and has no right to practice law," adding that "[h]is unethical and derogatory comments against one particular nation[ality] – Ukranians, show who he really is.  He portrays someone, who cares about the interests of his clients, the majority of which are Ukranian, but in reality, he is a complete hypocrite, chauvinist and does not hide his hatred and disrespect towards the Ukranian nationals, . . .  Such an attorney is an embarrassment to any law firm,"  despite the fact that she has never had any professional contact with Plaintiffs.  *See* Exhibit A.  As such, Chamara's statements, when published

to third-parties, constitute defamation *per se*.  Victoria Chamara also went so far as to message Mr. Freydin, personally, stating, "You are a disgusting Jew!  Too bad Holocaust did not exterminate all of you!"  *See* Exhibit B.  Upon information and belief, and based upon the fact that the false statements about Plaintiffs attributed to Chamara have appeared in substantially the same form in Internet postings that are libelous to Plaintiffs and referenced herein, Chamara is a participant in the community of Internet posters who have defamed and committed other tortious acts against Plaintiffs.

8.      Defendant Tetiana Kravchuk (a/k/a Tetiana Jaifar), on information and belief, is a resident of Lynn, Massachusetts, and has participated in a coordinated campaign against Plaintiffs to smear Plaintiffs' reputation and deter people from engaging the law practice, gave Plaintiffs a one star review (out of five stars), stating that "[attorney Freydin] is not professional," that he "discriminates other nationalities," that "she [doesn't] recommend to do business with this attorney," and "Don't waste your money!" despite the fact that Kravchuk has had no professional contact with Plaintiffs, whatsoever.  *See* Exhibit C.  As such, Kravchuk's statements, when published to third-parties, constitute defamation *per se*.  Upon information and belief, and based upon the fact that the false statements about Plaintiffs attributed to Kravchuk have appeared in substantially the same form in Internet postings that are libelous to Plaintiffs and referenced herein, Kravchuk is a participant in the community of Internet posters who have defamed and committed other tortious acts against Plaintiffs.

9.      Defendant, Anastasia Shmotolokha, on information and belief, is a resident of Toronto, Canada, and has participated in a coordinated campaign against Plaintiffs to smear Plaintiffs' reputation and deter people from engaging the law practice

4

by posting negative reviews and a one-star rating of the law firm, stating that Plaintiffs are "biased and unprofessional," despite the fact that Shmotolokha has had no professional contact with plaintiffs, whatsoever. *See* Exhibit D. As such, Shmotolokha's statements, when published to third-parties, constitute defamation *per se*. Upon information and belief, and based upon the fact that the false statements about Plaintiffs attributed to Shmotolokha have appeared in substantially the same form in Internet postings that are libelous to Plaintiffs and referenced herein, Shmotolokha is a participant in the community of Internet posters who have defamed and committed other tortious acts against Plaintiffs.

10. Defendant, Nadia Romenets, on information and belief, is a resident of St. Louis, Missouri, and has participated in a coordinated campaign against Plaintiffs to smear Plaintiffs' reputation and deter people from engaging the law practice by posting negative reviews and a one-star rating of the law firm, despite the fact that Romenets has had no professional contact with Plaintiffs, whatsoever. *See* Exhibit E As such, Romenets' statements, when published to third-parties, constitute defamation *per se*. Upon information and belief, and based upon the fact that the false statements about Plaintiffs attributed to Shmotolokha have appeared in substantially the same form in Internet postings that are libelous to Plaintiffs and referenced herein, Shmotolokha is a participant in the community of Internet posters who have defamed and committed other tortious acts against Plaintiffs.

11. Defendants Does 1 through 10 are individuals whose actual names are unknown to Plaintiffs. Instead, they are known to Plaintiffs only by false pseudonyms or profiles they hide behind while falsely commenting and writing about professional

conduct of Plaintiffs and Plaintiffs' agents on the Internet. *See, e.g.,* Exhibit F. Based on the fact that the false statements about Plaintiffs attributed to Does 1 through 10, have appeared in substantially the same form in Internet postings that are libelous to Plaintiffs, Does 1 through 10 are participants in the community of Internet posters who have defamed and committed other tortious acts against Plaintiffs. Plaintiffs intend to obtain these Defendants' identities in discovery, at which time Plaintiffs, if necessary, will seek leave of the Court to amend this Complaint to identify additional Defendants and addition Claims.

**JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §1332(a)(1) because the Plaintiffs and all of the Defendants are citizens of different states and more than $75,000 is in controversy.

13. This Court has specific personal jurisdiction over this matter as a substantial part of the events giving rise to Plaintiffs' claims occurred within this judicial district.

14. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events giving rise to Plaintiffs' claims occurred in Cook County, Illinois, which is within this judicial district

**POTENTIAL OTHER DEFENDANTS**

15. Plaintiffs may elect, after learning additional facts, seek leave of the Court to amend this complaint to include other individuals as defendants in this action.

## COUNT I – LIBEL *PER SE*
### *(False Allegations of Want of Integrity and Ability in Employment)*

16.     The allegations contained in the preceding paragraphs are hereby re-alleged as if fully set forth herein.

17.     Defendants made the statements set forth in paragraphs 7 through 11, as well as a vast number of similar statements, posted to the same and similar Internet sites. Those statements remained on those sites until at least the time of the filing of this Complaint, and thus are still, as of the date hereof, being published without restriction to any person in the world with an Internet connection who visits those unrestricted sites.

18.     The statements set forth in paragraphs 7 through 11 falsely allege that Plaintiffs, and Plaintiffs' agents, which include Plaintiff, want of integrity in employment.   Among other things, and as set forth therein, one or more Defendants wrote, and published to third parties, statements that Plaintiffs or Plaintiffs' agents, "are not professional," are "inappropriate and unethical," that the law office "discriminates against other nationalities," provides "terrible customer service," "should not be allowed to practice law," and "are a disgrace to this Country!"  *See e,g,.* Exhibits A- E.

19.     Defendants made these statements with either knowledge of their falsity, or with reckless disregard of the truth.    Plaintiffs are not public figures and, on information and belief, have had no professional contact with any of the Defendants, whatsoever.

20.     Defendants' false statements that Plaintiffs and Plaintiffs' agents lack integrity, provide terrible service, discriminate against certain nationalities and lack ability as attorneys, their profession, are libelous *per se*.

21.     Defendants' false and defamatory statements that Plaintiffs want of ability in their profession has caused Plaintiffs significant actual damages, including but not limited to, damaged reputation, loss of revenue, loss of prospective clients and other damages.

## COUNT II – FALSE LIGHTS

22.      The allegations contained in the preceding paragraphs are hereby re-alleged as if fully set forth herein.

23.     Each of the Defendant's statements regarding Plaintiffs has placed both Plaintiffs and Plaintiffs' agents in a false light before the public.   In addition to those set forth in the preceding Count of this Complaint, Defendants have published statements that Plaintiff Freydin "is an embarrassment and a disgrace to the U.S. Judicial System and has no right to practice law.  His unethical and derogatory comments against one particular nation[ality] – Ukranians, show who he really is.  He portrays someone, who cares about the interests of his clients, the majority of which are Ukranian, but in reality, he is a complete hypocrite, chauvinist and does not hide his hatred and disrespect towards the Ukranian nationals, . . .  Such an attorney is an embarrassment to any law firm." *See* Exhibit A.

24.     The false lights, as alleged above, and among many others, are of such a nature to be highly offensive to a reasonable person.

25.     Defendants' false and defamatory statements have caused Plaintiffs significant actual damages including, but not limited to, damaged reputation, loss of revenue, loss of prospective clients and other damages.

## COUNT III – TORTIOIUS INTERFERENCE WITH
## CONTRACTUAL RELATIONSHIPS

26.     The allegations contained in the preceding paragraphs are hereby re-alleged as if fully set forth herein.

27.     At all times relevant hereto, Plaintiffs were parties to valid and enforceable contracts with third parties.  Those third parties included clients that retained Plaintiffs to represent them in court, and attorneys who performed work as agents or of counsel to Plaintiffs

28.     Some or all Defendants admitted, in published statements referenced above in in other statements, that they were aware that Plaintiffs had such business relationships with its clients and attorneys working on their behalf.

29.     Defendants intentionally engaged in the unjustified inducement of a breach, by making false and defamatory statements about Plaintiffs.  These statements were made with the intention to alienate Plaintiffs from clients and attorneys.

30.     Defendants' wrongful conduct caused subsequent breaches of parties to which Plaintiffs were a party by third parties.  Among other things, on information and belief, Plaintiffs lost contractual relationships as a consequence of certain defamatory statements that Defendants published, and by other conduct of Defendants.

31.     Defendants' false accusations have caused Plaintiffs significant actual damages, including but not limited to, damaged reputation, loss of revenue, loss of prospective clients and other damages.

## COUNT IV – TORTIOIUS INTERFERENCE WITH A
## PROSPECTIVE BUSINESS RELATIONSHIP

32.     The allegations contained in the preceding paragraphs are hereby re-alleged as if fully set forth herein.

33.     At all times relevant hereto, Plaintiffs had a reasonable expectation of entering into valid business relationships with third parties including prospective clients and attorneys who Plaintiffs may have retained or contracted with to represent its clients.

34.     Some or all Defendants acknowledge in published statements that they were aware that Plaintiffs had a reasonable expectation of entering into valid business relationships with prospective clients and attorneys who may work on their behalf.

35.     Defendants intentionally engaged in the unjustified interference that prevented Plaintiffs' legitimate expectancy from ripening into valid business relationships.

36.     Defendants false and defamatory comments have caused Plaintiffs significant actual damages including, but not limited to, damaged reputation, loss of revenue, loss of prospective clients and other damages.

## COUNT V – CIVIL CONSPIRACY

37.     Plaintiffs hereby incorporate each and every allegation contained in the preceding paragraphs as if fully set forth herein.

38.     The Defendants collaborated with one another by planning, coordinating and assisting one another in preparing the defamatory statements and negative reviews that were disseminated to third parties via the Internet "communities" referenced above. Each Defendant engaged in concerted action with other Defendants and yet unnamed individuals to defame and commit other tortious conduct against Plaintiffs.

39.     Each Defendant who posted false and defamatory comments in connection with this "community" thus conspired with the other Defendants to commit defamation and other tortious actions against Plaintiffs.

40.     In furtherance of this civil conspiracy, Defendants and others committed overt tortious and unlawful acts by making and publishing to third parties false and defamatory statements about Plaintiffs, and each was a willful participant in this joint activity.

41.     As approximate result of this conspiracy, Plaintiffs have been damaged, as is more fully alleged above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests Judgment and relief as follows:

A.     Judgment against Defendants that they have committed the torts set forth in each of Count I through Count V hereof;

B.     Judgment in favor of the Plaintiffs and against the Defendants for damages in excess of $100,000 against each Defendant to be ascertained at trial;

C.     Judgment in favor of Plaintiffs and against the Defendants awarding the Plaintiffs reasonable attorneys' fees, litigation expenses (including fees and costs of expert witnesses), and other costs of this action; and

D,     Judgment in favor of the Plaintiffs and against the Defendants' awarding Plaintiffs declaratory and injunctive or other equitable relief as may be just and warranted under the circumstances.

E.     Such other and further equitable relief as the Court deems just and proper.

## JURY DEMAND

45.     Plaintiff demands trial by jury on all issues so triable.


Respectfully Submitted,
The Law Offices of David Freydin, PC
& David Freydin



By **/s/ Timothy A. Scott____**
An Attorney for Plaintiffs


Timothy A. Scott  (ARDC # 6243846)
Randall Edgar (ARDC # 6282804)
Martha Herera (ARDC # 6309236)
The Freydin Law Firm LLP
8707 Skokie Blvd., Suite 305
Skokie, IL  60077
Tel: (847) 972-6157
Fax: (866) 575-3765