IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE LAW OFFICES OF DAVID FREYDIN, P.C. and DAVID FREYDIN, | |
| Plaintiffs, | Case No. 17 C 8034 |
| v. | Judge Harry D. Leinenweber |
| VICTORIA CHAMARA, TETIANA KRAVCHUK, ANASTASIA SHMOTOLOKHA, NADIA ROMENETS, and JOHN DOES 1-10, | |
| Defendants. | |

MEMORANDUM OPINION AND ORDER

## I.  BACKGROUND

The Plaintiffs are an attorney and his Illinois professional corporation (collectively referred to as "Plaintiff" or "he" or "him").  Plaintiff filed this suit seeking damages and injunctive relief based on internet-based conduct on the part of several individuals, some of whom are described specifically by name, and some as "John Does."  Specifically, he charges several individuals, alleged to live outside of Illinois, of making "salacious, false and libelous comments over the internet," using Facebook, Yelp, Google Reviews and other Internet-based review sites to give Plaintiff one-star ratings (out of five), despite, to Plaintiffs' knowledge, not having any business-related contact with him.

The Defendants are apparently of Ukrainian descent. Plaintiff advertises the law firm as excelling in "the representation of foreign-based clients in the United States" and specifically providing "clients with highly-professional legal services in the United States and Ukraine." *https://www.hg.org/attorney/law-offices-of-david-freyein-ltd-42687* (Last visited 8/21/18).

The Complaint does not state what Plaintiff allegedly did or said to set off the vituperative comments of the Defendants. However, according to one of the complained of posts, Plaintiff apparently posted on his Facebook page a joke involving Ukrainian cleaning ladies, which Defendants saw as derogatory.

Samples of the comments complained of include the following:

[Defendant] Victoria Ykrainka Chamara wrote that Plaintiff was "an embarrassment and a disgrace to the US judicial system." Plaintiff made "unethical and derogatory comments, which target one particular nation—Ukrainians. . ." "[H]e is a complete hypocrite, chauvinist and racist." He "is an embarrassment." "I saw your post about Ukrainian cleaning ladies. You are a disgusting Jew! Too bad Holocaust did not exterminate all of you!"

[Defendant] Tetiana Jaifar Kravchuk wrote that "[Plaintiff] is not professional." "I don't recommend to do business with this attorney. Don't waste your money." She is also alleged to have given plaintiff a one-star review even though she did not have a professional relationship with Plaintiff.

- 2 -

[Defendant] Anastasia Shmotolokha wrote "David Freydin is biased and unprofessional attorney."

[Defendant] Nadia Romenets posted negative reviews and a one-star rating of the law firm even though she had no professional contact with him.

Based on these activities, Plaintiff has filed a five-count Complaint against Defendants under Illinois law. Count I is based on Libel Per Se; Count II is based on False Light; Count III charges Tortious Interference with Contractual Relationships; Count IV is based on Tortious Interference with Prospective Business Relationship; and Count V charges Civil Conspiracy. The Defendants have moved to dismiss each count.

## II.  DISCUSSION

### A.  Count I – Libel Per Se

Plaintiff makes the argument for keeping Count I that the Defendants have published to third parties that he lacks integrity in his employment, by using such terms as "not professional," "lacks integrity," "inappropriate and unethical," and other similar statements. In *Solaia Technologies, LLC. v. Specialty Publishing Co.,* 221 Ill.2d 558 (Ill. 2006), the Illinois Supreme Court established a primer on the law of Defamation in Illinois. To prove a defamation claim, plaintiff must allege that defendant made a false statement that was published to third parties. If the harm is obvious, *i.e.,* apparent on its face, the publication

- 3 -

is defamatory per se and a plaintiff need not prove damages.  If not obvious, a plaintiff must plead and prove damages.  There are five categories of comments that have per se status: words imputing commission of a crime, infectious communicable disease, inability to perform or lacking integrity in performing employment duties, lack of ability or other prejudice to a person in his profession, and commission of adultery or fornication.  Defenses to defamation include: the comments are subject to innocent construction; the comments were expressions of opinion; the comments are true; or the comments are privileged.

In this case, all the comments complained about involve Plaintiff's alleged lack of integrity in performing his employment duties and thus are defamatory per se unless subject to one of the defenses.  Defendants assert that all their comments are obvious expressions of opinion and are therefore not actionable.  The Court agrees.  In *Solaia Technology,* the Court considered the publication of defendant's statements that plaintiffs, who are lawyers, were "deeply greedy people."  The Illinois Supreme Court noted that the phrase has no precise meaning and it is not verifiable, and, while judgmental, it is not factual and therefore not actionable.  All the complained of comments by Defendants such as "unethical," "unprofessional," "chauvinist," "one-star rating," "an embarrassment and a disgrace," "hypocrite," and "racist" are

similar statements of opinion and are not factually verifiable. *Solaia,* 221 Ill. 2d at 581. The Motion to Dismiss Count I is granted.

## B. Count II - False Light

The basis for Defendants' Motions to Dismiss Count II - False Light, is that the comments supporting Count I are not defamatory per se and thus a plaintiff, to state such a claim, must plead special damages. The tort of False Light was first recognized by the Illinois Supreme Court in 1989 in the case of *Lovgren v. Citizens First Nat. Bank of Princeton,* 126 Ill.2d 411 (Ill. 1989). One of the basic requirements of this tort is that a plaintiff must plead special damages. General allegations as to damages such as damage to one's health, emotional distress, damage to reputation and economic loss are insufficient to state a cause of action for defamation per quod and False light. *Heerey v. Berke,* 136 Ill. Dec 262 (Ill. App. Ct. 1989). Having failed to allege the requisite special damages, Count II is dismissed.

## C. Count III - Tortious Interference
## with Contractual Relations

Defendants seek dismissal of Count III arguing that, as required by Illinois tortious interference law, Plaintiff must allege the identity of any specific third party the contractual relationship with which was undermined, citing *DuPage Aviation Corp. v. DuPage Airport Authority,* 171 Ill. Dec. 814 (Ill. App.

Ct. 1992). The elements of this tort require that a plaintiff plead a valid and enforceable contract between the plaintiff and another, the defendant's awareness of the contract, the defendant's intentional and unjustified inducement of a breach, a subsequent breach, and resultant damages. Plaintiff merely alleged that "[d]efendants' wrongful conduct caused subsequent breaches of parties *[sic]* to which Plaintiffs were a party by third parties." This is insufficient. Count III is dismissed.

### D. Count IV – Tortious Interference with Prospective Business Relationship

The basis for Defendants' Motion to Dismiss Count IV is the same for their Motion with respect to Count III: Plaintiff's failure to identify specific third parties who were subject to interference. The elements for this tort under Illinois law also include a requirement that a plaintiff identify prospective business relationships with specific third parties that were undermined. *DuPage Aviation Corp. v. DuPage Airport Authority,* 171 Ill. Dec. 814, 820 (Ill. App. Ct. 1992). Plaintiff's allegation in support of this Count merely states that "Plaintiffs had a reasonable expectation of entering into valid business relationships with third parties, including prospective clients and attorneys who Plaintiffs may have retained or contracted with to represent its clients." This is insufficient under Illinois law. Count IV is dismissed.

### E.  Count V – Civil Conspiracy

To support a cause of action for the tort of civil conspiracy under Illinois law, a plaintiff must allege, in addition to an agreement among the defendants to commit a tortious act, an independent cause of action underlying the conspiracy.  *Indeck North American Power Fund, L.P. v. Norweb PLC,* 249 Ill. Dec. 45, 57 (Ill. App. Ct. 2000).  The alleged tortious act committed by Defendants, according to the Complaint, was "making and publishing to third parties false and defamatory statements about plaintiff." Since the Court has found that Plaintiff has pled no properly published defamatory statements, Plaintiff has failed to allege an underlying tort to support a civil conspiracy.  The Motion to Dismiss Count V is granted.

### III.  <u>CONCLUSION</u>

For the reasons stated herein, the Defendants' Motions to Dismiss Counts I, II, III, IV, and V are granted.


**IT IS SO ORDERED.**

_____
 Harry D. Leinenweber, Judge
 United States District Court

Dated:  8/30/2018

- 7 -